FILED
United States Court of Appeals
Tenth Circuit

December 28, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ADAM FROST,

      Defendant - Appellant.

No. 16-1354
(D.C. Nos. 1:13-CV-00715-JAP and
1:10-CR-00056-JAP-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Adam Frost was convicted by a jury in the United States District Court

for the District of Colorado of raping A.W., a 17-year-old girl. There was no dispute that

Defendant had sex with A.W. at his home in the early morning and that A.W. left the

home immediately thereafter. The issue was consent.

After we affirmed Defendant's conviction and 200-month sentence, *see United*

*States v. Frost*, 684 F.3d 963 (10th Cir. 2012), he filed an unsuccessful motion under

28 U.S.C. § 2255. He seeks a certificate of appealability (COA) in this court to appeal

the district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA

to appeal denial of § 2255 motion). We deny a COA and dismiss the appeal.

In the district court Defendant raised four ineffective-assistance-of-counsel claims:

(1) that trial counsel was ineffective in not allowing him to testify in his own defense; (2)

that trial counsel was ineffective in failing to object to the hearsay testimony of numerous witnesses; (3) that trial counsel was ineffective in failing to file a timely motion for a speedy trial; and (4) that appellate counsel was ineffective in failing to argue issues (1) and (3) on appeal.  In this court Defendant pursues only a portion of issue (2).  He argues that trial counsel was ineffective in failing to object to the hearsay testimony of (1) two police officers regarding A.W.'s description of the incident shortly after she left Defendant's house and (2) a nurse practitioner regarding A.W.'s statements about her loud resistance during the incident.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

To establish a claim of ineffective assistance of counsel, Defendant first has the burden of overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), by demonstrating that his counsel's performance "fell below an objective standard of reasonableness," *id.* at 688.  Second, Defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

2

proceeding would have been different." *Id.* at 694. We need not address the first prong (we can assume, without deciding, that the challenged hearsay was inadmissible and that the failure to object was not part of a reasoned strategy), because Defendant fails on the second prong. The district court ruled that Defendant "failed to demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different," Order Denying Mot. at 10, Aplt. App., Vol. II at 154, and we agree.

Defendant's brief in this court argues that the evidence of what A.W. told the police was important because without it, there would have been "a big gap in the prosecution's case." Aplt. Br. at 21. He explains, "While there is certainly no requirement that the prosecution introduce evidence that the alleged victim complained to the police immediately after the incident, that is what juries look for." *Id.* But the prosecution did not need A.W.'s statement to the police to show that her claim of rape was first made almost immediately after the incident. A.W. testified that as soon as she left Defendant's home, she called her sister on her cellphone to say that Defendant had raped her. She also testified that after her sister picked her up and took her home, she told her parents she had been raped and her parents called the police. Her sister testified to the same events. Further, the evidence showed that the police were investigating the incident within an hour of A.W.'s departure from Defendant's home, a compelling indication that rape had been reported to the police. Defendant does not now challenge police testimony that they were responding to a call from A.W.'s mother.

As for A.W.'s statement to the nurse that she had loudly resisted Defendant, Defendant's brief argues that juries look for evidence that the victim resisted. And he

3

contends that without the nurse's testimony, the prosecution would have lacked evidence regarding A.W.'s resistance, thereby (once again) leaving "a big hole in the prosecution's case." Aplt. Br. at 34. But the statement to the nurse added little. A.W. testified at trial to her unsuccessful resistance. And insofar as the statement to the nurse would support an inference that the rape charge was not a later concoction, there was already compelling evidence from A.W.'s sister and the arrival of the police to show that A.W. had alleged rape from the outset.

We **DENY** Defendant's request for a COA and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge